The State, ex rel. Gould et al., *v.* Ohio Bureau of Employment Services.
The State, ex rel. Gould et al., *v.* State Personnel Board of Review.

(Nos. 84AP-439 and -687 — Decided
August 8, 1985.)

*Lois M. Drossman; Gurley, Rishel,
Martin, Myers & Kopech, Mark E.
Myers* and *Frederick L. Ransier,* for
relators.

*Knepper, White, Arter & Hadden,
Richard P. Fahey* and *Lise K. Jacobson,*
for Ohio Bur. of Emp. Serv.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Lisa E. Pizza,* for State
Personnel Bd. of Review.

McCormac, J. Case No. 84AP-439,
an original action in mandamus, and
case No. 84AP-687, an original action in
prohibition, were consolidated and
referred to referee Jack R. Kullman, Jr.,
with full powers pursuant to Civ. R. 53.
In accordance with the reference, he
issued his report on March 27, 1985, set-
ting forth findings of fact and conclu-
sions of law and recommending that, in
case No. 84AP-439, the respondent,
Ohio Bureau of Employment Services
("OBES"), be ordered to reinstate
relators to their former or equivalent
positions of employment with back pay
and all employment benefits from ter-
mination pursuant to the March 30, 1984
and April 12, 1984 orders of the State
Personnel Board of Review disaffirming
their job abolishments. In case No.
84AP-687, the referee recommended
that we grant relators' request for a
writ of prohibition and issue an order
prohibiting the State Personnel Board
of Review from conducting further hear-
ings on appeals of relators. The referee
recommended that relators' attorney
fees be denied and that interest on back
pay be denied.

No objections were filed to the
referee's report in conjunction with case

No. 84AP-687, the prohibition action.
Upon review of the report of the ref-
eree, we hereby approve it and adopt it
as the action of the court for the reasons
expressed in the referee's report. A writ
of prohibition is granted prohibiting the
State Personnel Board of Review from
conducting further hearings on relators'
appeals from the orders of the board of
March 30, 1984 and April 12, 1984.

The Ohio Bureau of Employment
Services filed three objections to the
referee's report in the mandamus ac-
tion, No. 84AP-439. Those objections
are overruled for the reasons expressed
in the referee's report and for the addi-
tional reasons expressed in this opinion.

The first objection is that referee
Kullman erred by refusing to consider
the depositions of Jack Griffith and
Melvin Howard in deciding whether the
reinstatement of relators by OBES
would require the performance of an im-
possible act.

Relators requested a writ of man-
damus to require their former employer,
OBES, to reinstate them to their former
positions of employment pursuant to an
order of the State Personnel Board of
Review which was not appealable by
OBES. As one of the defenses to the
mandamus action, respondent alleged
that the relief sought by relators is
unavailable and impossible for respon-
dent to provide.

The depositions of Griffith and
Howard were admissible in regard to
the affirmative defense of OBES, that
reinstatement of relators to their
abolished jobs would require the perfor-
mance of an impossible act. However,
there was no prejudice to respondent in
holding that the depositions were inad-
missible because impossibility was not
established as a defense by the testi-
mony in the depositions. By the deposi-
tions respondent sought to establish that
JTPA, the agency which replaced the
CETA program for which relators were
employed, was funded federally and that

there were no funds available to OBES to support a larger JTPA staff than the staff that subsequently was hired into this agency. However, even if that were the case, and it is far from clear from the two depositions that additional funding could not be obtained from the state, the testimony does not provide an impossibility defense. Respondent cannot illegally place the wrong people into a program where there are funds to pay the people employed therein and then assert impossibility to pay individuals who properly should have had those jobs and should have been paid with the funds available. If that were to be allowed, respondent could create its own impossibility. Impossibility must stem from factors beyond the wrongful control of the respondent. Hence, even though the depositions were properly in evidence and should have been considered in regard to any defense to which they were material, their inclusion would not have altered the results so far as impossibility is concerned.

Respondent's first objection is overruled.

Respondent next asserts that the referee erred in finding that the State Personnel Board of Review did not abuse its discretion when it disaffirmed the abolishment of relators' positions, since it has been found without objection that OBES complied with all Ohio Administrative Code provisions concerning the procedure for abolishment of positions. Combined with this objection is an objection that referee Kullman erred by his failure to require relators to bear their burden of showing bad faith on the part of OBES in abolishing relators' jobs, and in failing to find that there was an abuse of discretion in finding bad faith without any evidence of bad faith before the board.

The burden was upon relators before the State Personnel Board of Review to establish bad faith by respondent in the abolishment of their positions in order to obtain a disaffirmance of the abolishments. The board found bad faith and issued an order requiring relators' reinstatement. When respondent refused to comply with the order of the board, relators commenced a mandamus action. Under *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235 [8 O.O.3d 217], the appointing authority may raise the affirmative defense that the board abused its discretion in disaffirming the layoff order. That defense would be available in regard to the disaffirmance of a job abolishment since the issue of whether the board abused its discretion in issuing the order favorable to relators was not *res judicata* since there was no right of appeal from the board's order. However, while abuse of discretion is a defense to the mandamus action, it is an affirmative defense which respondent is required to prove.

Even though all of the technical procedural steps may have been taken to abolish relators' positions, there still may be a finding of bad faith. Ohio Adm. Code 124-7-01(A) provides:

"Job abolishments shall be disaffirmed if the action is taken in bad faith."

Bad faith may be established by showing appropriate evidence or inferences therefrom that the job abolishments were not made in good faith and were used as a subterfuge to subvert the civil service system. The board found bad faith on the part of OBES for this reason, as did the referee, and that finding is supported by some evidence in the record which negates proof of abuse of discretion by respondent. It was established before the board that the CETA program was to be terminated and a similar job training program, JTPA, was to replace it. Federal funds available to staff the new JTPA program did necessitate a reduction in staff. However, at that point, strange things occurred which may be logically explained by finding bad faith on the

part of OBES intended to subvert the civil service retention rights of certain employees of CETA who would otherwise have been eligible for similar positions in JTPA. Mysteriously, the layoff list marked certain persons for transfer to a division called "Executive General" where from September 4, 1983 until October 2, 1983 they retained their seniority by being certified to be performing at least fifty percent (and possibly one hundred percent) of the same duties before their transfer. In Executive General, these employees were paid from CETA funds. Other employees, including relators, were left in CETA. CETA was then terminated and JTPA was commenced, at which point the employees were transferred from Executive General into JTPA, thus escaping having their jobs abolished. By this method, persons performing the same duties as more senior employees with more civil service retention points in CETA obtained jobs doing similar work with JTPA, having obtained the positions without having to compete with persons with more seniority points. While no specific motive for this procedure was established, there is a reasonable inference that, by a subterfuge, handpicked employees retained their positions and less favored employees had their jobs abolished. There was evidence that the transfer into Executive General was rare or unknown, fortifying the strong inference that the transfer was a subterfuge to avoid application of the seniority system based upon retention points.

The order of the board provides relators a clear legal right to a writ of mandamus in the absence of respondent's ability to establish that the board abused its discretion, based upon the evidence before it, in ordering relators' reinstatement. As we have previously stated, there was proof of bad faith of respondent presented to the board, negating a finding of abuse of discretion.

Hence, relators are entitled to a writ of mandamus to enforce the order of the board.

The recommendation of the referee, that relators' attorney fees be denied and that interest on back pay be denied, is affirmed. No objections have been filed to those recommendations.

In case No. 84AP-439, a writ of mandamus is granted, ordering respondent OBES to reinstate relators to their former, or equivalent, positions of employment with back pay and all employment benefits from termination subject to any reductions that are provided by law. Since the amount of back pay has not been presented in the mandamus action, it cannot be ordered herein.

The motion of relators to strike respondent's reply brief is overruled.

*In No. 84AP-439, writ of mandamus granted; in No. 84AP-687, writ of prohibition granted; motion to strike overruled.*

STRAUSBAUGH and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.