BEELER, Appellant,

v.

FRANKLIN COUNTY SHERIFF, Appellee.

[Cite as *Beeler v. Franklin Cty. Sheriff* (1990), 67 Ohio App.3d 748.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–830.

Decided May 24, 1990.

*Michael Miller*, Prosecuting Attorney, and *William J. Owen*, for appellant.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan*, for appellee.

McCormac, Judge.

Appellant, Lewis Beeler, appeals from the judgment of the Franklin County Court of Common Pleas affirming in part and modifying in part an administrative decision of the State Personnel Board of Review ("SPBR").

Beeler asserts the following assignment of error:

"The court of common pleas erred when it applied an incorrect standard of review to reverse the order of the State Personnel Board of Review, which had modified the Franklin County Sheriff's order of removal to a fifteen day suspension."

The Franklin County Sheriff, appellee herein, dismissed appellant as a result of events that occurred on the evening of December 31, 1985. At that time, appellant was employed as a deputy sheriff with the Franklin County Sheriff's Department and was on duty at the booking desk of the Franklin County Corrections Center. At approximately 11:10 p.m., two Columbus police officers brought Brent Fout into the booking area. One of the police officers, Charles Weeks, told the deputies that they had picked Fout up after he had run into the street and into the side of a car. The police had taken him to Mt. Carmel Hospital where his behavior was agitated. The police arrested Fout and took him to the corrections center after he attempted to assault a nurse.

Video cameras mounted in the corrections center provide two views of the booking area; the cameras also record sound and the time to the second. Booking procedures for Fout did not begin immediately; instead, the deputies and the police engaged in small talk up at the booking desk while Fout sat on a bench. After a few minutes had passed Fout wandered up to the booking counter and, at that time, appellant began to process him. This process included a body frisk for which appellant instructed Fout to place his hands on the counter and his feet behind a line that ran parallel to the counter. Appellant began to frisk Fout but stopped before finishing and requested a pair of rubber gloves from a deputy behind the counter. Up until this point in time, the behavior of Fout was passive and that of appellant was courteous. Appellant snapped the left glove as he put it on and the comment was made "this will hurt you more than it hurts me." This comment drew an immediate reaction from Fout, who stood up straight and turned to face appellant. Fout appeared agitated and he and appellant exchanged words regarding the comment. Appellant instructed Fout to return to the frisk position, which he refused to do. Appellant then approached Fout and, assisted by another deputy, in a rapid succession of events restrained Fout. Appellant twisted Fout's left arm behind him; with his free hand he grabbed Fout's head and directed it towards the countertop. Consequently, Fout's face hit the countertop and resulted in Fout sustaining a fractured and lacerated nose.

Appellant testified that he acted to restrain Fout because Fout raised his left arm. Weeks testified that he saw Fout make a fist before appellant acted to restrain him. Although the video cameras recorded the incident, the view is partially obstructed. Fout's hand is not visible at the time he allegedly made a fist nor does the video provide a complete view of his left arm immediately before appellant restrained him. Additionally, it is impossible to ascertain the degree of resistance which Fout raised when the deputies acted to restrain him.

As a result of this incident, appellee removed appellant from his position as a deputy sheriff. The reason provided for his removal was that he "[had] been guilty of Section 124.34 ORC for Incompetency, Discourteous treatment of the public, neglect of duty, Misfeasance, Malfeasance, and Nonfeasance in office." The removal order went on to say "in the following particulars, to wit: That you also have violated departmental regulation 102.40, Unbecoming conduct, 800.2, Use of Force, and 102.61 Cause for Suspension or dismissal. * * * "

Appellant appealed this dismissal to the SPBR. The hearing officer recommended that appellant's dismissal be reduced to a suspension; the SPBR adopted this recommendation. Appellee appealed this decision to the court of

common pleas which remanded the case back to the SPBR with instructions for a new hearing to be held to include testimony of eyewitnesses to the incident and testimony pertaining to the physical injuries which Fout received.

On remand to the SPBR, the case was heard by a different hearing officer, who conducted a trial *de novo*. He reviewed the complete record of the previous case, the documentary evidence from the previous case, the additional evidence which was submitted at the remand hearing, and he listened to and evaluated the testimony of eyewitnesses to the incident. Additionally, he viewed the original videotape of the incident and a slow motion tape of the events immediately surrounding the restraint which had been prepared for the remand hearing. Levine concluded that appellee had not established that appellant's actions constituted incompetency, neglect of duty, misfeasance, malfeasance, or nonfeasance in office. Levine found that appellant's remark concerning the glove constituted discourteous treatment of Fout, a member of the public. Based upon his finding that appellant had not used improper force but had only made an improper comment and, taking into consideration appellant's prior clean disciplinary record, Levine concluded that a suspension was a more appropriate discipline. He recommended that appellant's removal be modified to a suspension of fifteen working days. The SPBR adopted this recommendation.

The sheriff appealed this decision to the court of common pleas. The common pleas court found that the SPBR had placed an unreasonable evidentiary standard on the sheriff as a matter of law, and that its order was not supported by reliable, probative, and substantial evidence and was consequently contrary to law. Specifically, the court ruled that Levine and the board improperly assumed that appellee was required to prove that the injury to Fout brought upon him by appellant's actions " 'caused serious physical harm which carries a substantial risk of death, or which involves such permanent incapacity.' " The court added that, unless the administrative law judge had found an abuse of discretion on the part of the sheriff (the appointing authority), he was required to affirm the removal of appellant. The court held that appellee had not abused his discretion when he removed appellant from his position.

In the final paragraph of its decision, the common pleas court stated that the SPBR's decision, which modified appellant's removal order, was not supported by reliable, probative, and substantial evidence. Accordingly, the common pleas court modified the SPBR's ruling to give effect to appellee's removal order.

Appellant's assignment of error brings into question both the standard of review that the SPBR is to use when reviewing decisions of an appointing

authority and the standard of review that the court of common pleas is to use when reviewing decisions of the SPBR.

R.C. 124.03 sets forth the powers and duties of the SPBR. It provides, in pertinent part, as follows:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to * * * discharge * * *. The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director, as the case may be, and its decision is final. * * *"

Courts have interpreted R.C. 124.03 to provide great latitude to the SPBR to alter decisions of appointing authorities. In *State, ex rel. Ogan, v. Teater* (1978), 54 Ohio St.2d 235, 8 O.O.3d 217, 375 N.E.2d 1233, the Ohio Supreme Court observed that, in enacting R.C. 124.03(A), the General Assembly "gave the board broad powers in reviewing final decisions of the appointing authorities. * * * [T]he General Assembly has authorized the board to disaffirm [discharges] not only where it finds that the appointing authority acted arbitrarily, unreasonably or unlawfully, but also where it finds from an independent review of the [discharges] that the decisions made and actions taken by the appointing authority regarding the [discharges] were improper or unnecessary." *Id.* at 245, 8 O.O.3d at 222, 375 N.E.2d at 1240; reaffirmed in *Bispeck v. Bd. of Commrs. of Trumbull Cty.* (1988), 37 Ohio St.3d 26, 523 N.E.2d 502.

In *Maiden v. Fayette Cty. Bd. of Retardation* (1984), 16 Ohio App.3d 196, 16 OBR 211, 475 N.E.2d 135, the court faced the issue of whether the SPBR had the authority to modify the punishment ordered by an appointing authority after it concluded that the adjudication was correct. Finding the existence of mitigating circumstances, the court observed "[i]t appears to this court that this is the very reason the board is given the statutory authority [under R.C. 124.03] to modify such an order—to permit an objective third party to hear the evidence and change an unduly harsh punishment if necessary. If the adjudication is improper, the board will simply disaffirm the entire decision of the appointing authority." *Id.* at 199–200, 16 OBR at 214, 475 N.E.2d at 138.

■ A decision of the SPBR concerning the removal of a deputy may be appealed to the court of common pleas pursuant to R.C. 119.12. R.C. 124.34. In *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265, the Ohio Supreme Court addressed the issue of the scope of review available to a common pleas court when ruling on an administrative

appeal made pursuant to R.C. 119.12. The court discussed an earlier decision it had written, *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, and quoted from paragraph one of its syllabus. The holding set forth in paragraph one stated that a common pleas court needed to appraise all of the evidence " 'as to credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the * * * [administrative] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *.' " *Conrad, supra,* 63 Ohio St.2d at 110, 17 O.O.3d at 66, 407 N.E.2d at 1267, quoting *Andrews,* paragraph one of the syllabus.

▇▇▇ In *Andrews,* the Supreme Court stated that the determination of whether an agency order is supported by reliable, probative, and substantial evidence is primarily a question of the absence or presence of the requisite quantum of evidence. The court pointed out that, while in essence this is a legal question, inevitably it involves a consideration of the evidence and to a limited extent would permit a substitution of judgment by the reviewing common pleas court. In this hybrid review, the common pleas court must give due deference to the administrative resolution of evidentiary conflicts. The court pointed out that, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and to weigh their credibility. However, the findings of the agency are by no means conclusive. When the common pleas court in its appraisal of the evidence determines that there exist legally sufficient reasons for discrediting certain evidence relied upon by the administrative body and necessary to its determination, the court may reverse, vacate, or modify the administrative order.

▇▇▇ The issue before us is whether the common pleas court abused its discretion in substituting its judgment for that of the administrative agency. Stated otherwise, did the common pleas court exceed the limited authority given in *Conrad?*

The common pleas court pointed out an error that it believed was made by the board and its hearing officer. The hearing officer found that appellee was required to prove that the injury to Fout had caused serious physical harm which carried a substantial risk of death or which involved a permanent incapacity. The hearing officer in his report stated that one of the charges against appellant was that he had exercised excessive force against Fout which caused serious physical harm to him. Apparently, the hearing officer relied upon the language in Administrative Regulation 800. The removal

order of appellant had stated that he violated Administrative Regulation 800.2, which identifies six general situations in which a staff member may legally use reasonable and necessary force against a prisoner. A subsequent section of Administrative Regulation 800 discusses the use of force to protect against serious physical harm to another person. Administrative Regulation 800.2, under which appellant was charged, does not require that appellee prove excessive force against a prisoner which caused serious physical harm to him in order to prove a violation of the regulation pertaining to force. The hearing officer and the board were incorrect if this was a basis for the decision.

It may be argued that this mistake was not prejudicial since the hearing officer later determined that appellee had failed to prove that the force used by Fout was not reasonable and necessary. However, the hearing officer also erred in this respect because the hearing officer and board considered the remark admittedly made by appellant, which precipitated the use of force and for which even the board considered discipline to be proper, as a totally separate event from the use of the force. Had the force not been accompanied by the precipitating remark, a better argument could be made that a reasonable finder of fact could determine, after observing the witnesses, that the evidence was insufficient to justify a finding that improper force was not proved. Even in that case, the weight of the evidence, considering the video and the testimony, indicates that it was not necessary for appellant to use the force that he did upon Fout for self-defense or another legitimate purpose. Although all events are not completely shown in the video, it seems to show that Fout's arm was not substantially raised when the force was used. However, it is clear that Fout was noticeably agitated by the improper remark that obviously caused him to feel that his body cavity might be invaded and that it was necessary for him to act in self-defense to prevent this from occurring.

In any event, the force was precipitated and directly related to the verbal threat that appellant made to the prisoner. Appellant was aware that the prisoner had been previously agitated and that he may have been intoxicated, and it was his action in making the remark accompanied by the donning of the rubber glove that caused an already agitated person to react as might reasonably have been anticipated. Thus, considering the use of force, not in the vacuum that it was considered by the hearing officer and the board, but in relation to the entire sequence of events, it was not an abuse of discretion for the common pleas court pursuant to *Conrad* to find that the modification of the sentence by the board was not justified since that finding was based upon the improper conclusion that appellant was not shown to have violated rules concerning use of force.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and WINKLER, J., concur.

RALPH WINKLER, J., of the Hamilton County Common Pleas Court, sitting by assignment.