**FRANKLIN COUNTY SHERIFF, Appellee,**

v.

**FRAZIER, Appellant.**

[Cite as *Franklin Cty. Sheriff v. Frazier,* 174 Ohio App.3d 202, 2007-Ohio-7001.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–363.

Decided Dec. 27, 2007.

204

Ron O'Brien, Franklin County Prosecuting Attorney, and Denise L. Hanson, Assistant Prosecuting Attorney, for appellee.

Daniel H. Klos, for appellant.

BRYANT, Judge.

{¶ 1} Appellant, Joe Frazier, appeals from a judgment of the Franklin County Court of Common Pleas reversing an order of the State Personnel Board of Review and reinstating the order of appellee, the Franklin County Sheriff, that removed appellant from his employment as a deputy sheriff. Because the common pleas court improperly substituted its judgment for that of the board, we reverse.

{¶ 2} As the result of an investigation that its Internal Affairs Department ("IAD") conducted, the sheriff issued an order on December 15, 2003, removing appellant from his employment as a deputy sheriff based on R.C. 124.34 disciplinary offenses. The removal order set forth the following infractions as grounds for appellant's removal: (1) using excessive force on an inmate on or about June 22, 2003, (2) negligence in failing to submit a complete, accurate "use of force" report regarding his use of force against the inmate, (3) withholding information by failing to notify supervision of the force used against the inmate and the potential for injury to the inmate, (4) insubordination for violating a direct order that IAD had given to him not to discuss the investigation, (5) dishonesty in writing a vague and misleading entry into a logbook regarding his use of force against the inmate, (6) withholding information by failing to inform supervision of an injury to his hand that had allegedly occurred during the June 22, 2003 excessive-force incident, (7) dishonesty in falsely reporting to his supervisors how he fractured his hand, and (8) failing to notify his supervisors of his use of force against another inmate on June 15, 2003.

{¶ 3} Appellant appealed the sheriff's removal order to the board. He stipulated that he committed the first five infractions, he did not challenge the eighth infraction, and, as he did in his interview with IAD, he denied he committed the sixth and seventh infractions. A full evidentiary hearing was held before an administrative law judge ("ALJ") on October 24 and 25, 2004. On March 30, 2005, the ALJ issued a 23–page report and recommendation detailing her findings of fact, conclusions of law, and recommendations.

{¶ 4} The ALJ found that the sheriff had established by a preponderance of the evidence, as appellant confirmed in his IAD interview, that appellant committed infractions one through five and eight. The ALJ, however, found that the sheriff did not prove the sixth and seventh infractions. Both were grounded on the sheriff's belief that appellant had broken his hand during the excessive-force incident on June 22, 2003, and had then lied about his injury to his supervisors and to IAD to falsely conceal his use of force against the inmate.

{¶ 5} The ALJ noted that other deputies involved in the June 22, 2003 excessive force incident, as well as other unrelated incidents, received suspensions ranging from one to four days. While appellant's actions reflected the intent to conceal his use of excessive force, the ALJ observed that appellant had been forthright in his IAD interview and did not attempt to influence another deputy's testimony when appellant contacted him in violation of a direct IAD order not to discuss the IAD investigation. The ALJ stated, "In weighing the appropriateness of the discipline imposed upon Appellant, this Board will consider the seriousness of Appellant's infraction, Appellant's prior work record and/or disciplinary history, Appellant's employment tenure, and any evidence of mitigat-

ing circumstances or disparate treatment of similarly situated employees presented by Appellant."

{¶ 6} In determining whether the discipline the sheriff imposed was appropriate in this case, the ALJ concluded, the "[t]estimony and evidence presented at [appellant's] hearing indicated that the primary reason for the severity of Appellant's discipline was Appellee's perception that Appellant lied about the time and manner in which he injured his hand. Appellee failed to prove this allegation." After the ALJ considered "the totality of the circumstances and following a thorough review of all of the information contained in the record," she found "that removal of Appellant from employment is too harsh a discipline in the instant matter."

{¶ 7} The sheriff filed objections to the ALJ's report and recommendation. In a split decision issued July 7, 2005, the board adopted the ALJ's factual findings but modified the ALJ's recommendation, stating its belief that "a ninety-day suspension and mandatory anger management counseling at Appellant's expense better reflect the violations that Appellee has proven for the record." The board ordered appellant to be reinstated as a deputy sheriff effective March 15, 2004.

{¶ 8} The sheriff appealed the board's decision to the court of common pleas, arguing that reliable, probative, and substantial evidence do not support the board's order. After setting forth the substantive facts and procedural history of the case, the common pleas court, in accordance with the ALJ and the board, determined that the sheriff had presented a preponderance of reliable, probative, and substantial evidence to prove grounds one through five and ground eight set forth in the removal order. Acknowledging the board's "great latitude" and power "to modify a removal order into a suspension following the consideration of any relevant mitigating factors," the common pleas court defined the determinative issue before it to be "whether the ALJ and the State Personnel Board of Review based their decisions (to modify the Sheriff's removal order to a mere suspension) on mitigating circumstances."

{¶ 9} The court decided that "neither the ALJ nor the Board found that there were circumstances or factors that mitigated against the Sheriff's removal order. To the contrary, the ALJ simply engaged in speculation as to the 'primary' reason for the Sheriff's decision to remove Mr. Frazier, and the Personnel Board thereafter acted solely upon its 'belief' that a suspension was a more appropriate punishment than removal." Id. at 9. The court concluded that "[a]bsent a finding of mitigating circumstances or factors, the ALJ and the Personnel Board were without authority to modify the Sheriff's removal order." Id. Further concluding that the sheriff had sufficient cause to remove appellant from his

employment as a deputy sheriff, the court reversed the board's order and reinstated the sheriff's December 15, 2003 removal order.

{¶ 10} Appellant appeals, assigning the following errors:

I. The Court of Common Pleas Abused its Discretion Because It Ignored Mitigating Factors the Administrative Law Judge Used to Modify the Termination Sheriff Jim Karnes Issued Against Joe Frazier to a 30 Day Suspension.

II. The Court Abused Its Discretion Because It Required the Administrative Law Judge to Specifically Label Mitigating Factors Used to Modify Discipline.

■ {¶ 11} Because the assignments of error are related, we will discuss them together. In them, appellant first asserts that the common pleas court abused its discretion by substituting its judgment for that of the board when the court reversed the board's decision reducing appellant's punishment to a suspension and then reinstated the sheriff's removal order. Appellant next contends that the common pleas court abused its discretion because the court completely disregarded record evidence of mitigating factors, included in the ALJ's report and recommendation, which supports the decisions of the ALJ and the board to reduce appellant's discipline from removal to a suspension. Lastly, appellant contends that the common pleas court further abused its discretion by requiring the ALJ and the board to specifically identify and label evidence as a "mitigating circumstance or factor."

■ {¶ 12} The General Assembly granted adjudicatory power to the board pursuant to R.C. 124.03 and 124.34. Pursuant to those statutes, the board is authorized to hear an employee's appeal from an appointing authority's removal order and to "affirm, disaffirm, or modify" the order. In enacting the statutes, the General Assembly granted the board broad powers to review an appointing authority's decision and to disaffirm an employee's discharge not only when the appointing authority acted arbitrarily, unreasonably, or unlawfully, but also when the board finds in an independent review that the decision regarding discharge is improper or unnecessary. *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 245, 8 O.O.3d 217, 375 N.E.2d 1233, reaffirmed *Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 43, 555 N.E.2d 940; *Ohio State Univ. v. Kyle,* Franklin App. No. 06AP–168, 2006-Ohio-5517, 2006 WL 3008463, at ¶ 23. See also *Beeler v. Franklin Cty. Sheriff* (1990), 67 Ohio App.3d 748, 752, 588 N.E.2d 879 (stating that "[c]ourts have interpreted R.C. 124.03 to provide great latitude to the [board] to alter decisions of appointing authorities").

■ {¶ 13} In cases of removal for disciplinary reasons, R.C. 124.34 permits an employee or an appointing authority to appeal a decision of the board to the court of common pleas; R.C. 119.12 sets forth the procedure to be followed in such an appeal. According to R.C. 119.12, the common pleas court may affirm

the board's decision if, upon its consideration of the entire record and any additional evidence the court admits, the court finds not only that reliable, probative, and substantial evidence supports the board's decision, but that the decision is in accordance with law. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110–111, 17 O.O.3d 65, 407 N.E.2d 1265; *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390; *Gallagher v. Ross Cty. Sheriff,* Franklin App. No. 06AP–942, 2007-Ohio-847, 2007 WL 611377, at ¶ 13. "Reliable" evidence is dependable evidence that has a reasonable probability of being true; "probative" evidence is relevant evidence that tends to prove the issue in question; "substantial" evidence is evidence with some weight, having importance and value. Id., citing *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

{¶ 14} The determination of whether reliable, probative, and substantial evidence supports the board's decision is primarily a question of the absence or presence of the requisite quantum of evidence. *Beeler,* 67 Ohio App.3d at 753, 588 N.E.2d 879, citing *Andrews,* 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390. See also *Gallagher,* 2007-Ohio-847, 2007 WL 611377, at ¶ 16, citing *Dudukovich v. Housing Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113 (noting that if a preponderance of reliable, probative, and substantial evidence exists, the common pleas court must affirm the administrative agency's decision). If the common pleas court finds after its appraisal of all the evidence that the board's decision is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court may reverse, vacate, or modify the board's decision. R.C. 119.12; *Conrad,* 63 Ohio St.2d at 110, 17 O.O.3d 65, 407 N.E.2d 1265; *Andrews,* paragraph one of the syllabus.

{¶ 15} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" *Lies v. Veterinary Med. Bd.* (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584, quoting *Andrews,* 164 Ohio St. at 280, 58 O.O. 51, 131 N.E.2d 390; *Kyle,* 2006-Ohio-5517, 2006 WL 3008463, at ¶ 26. The findings of the agency are not conclusive, but the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts. *Conrad,* 63 Ohio St.2d at 111, 407 N.E.2d 1265; *Gallagher,* 2007-Ohio-847, 2007 WL 611377, at ¶ 14; *Kyle,* 2006 WL 3008463, at ¶ 27. See also *Jones,* 52 Ohio St.3d at 43, 555 N.E.2d 940, citing *Graziano v. Amherst Exempted Village Bd. of Edn.* (1987), 32 Ohio St.3d 289, 293, 513 N.E.2d 282 (stating that "due deference must be accorded to the findings and recommendations of the [ALJ] * * * because it is the [ALJ] who is best able to observe the demeanor of the witnesses and weigh their credibility").

{¶ 16} When the evidence supports the board's decision, the common pleas court must affirm the board's decision and has no authority to modify the penalty. *Ogan,* 54 Ohio St.2d 235, 8 O.O.3d 217, 375 N.E.2d 1233; *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678; *Kyle,* 2006-Ohio-5517, 2006 WL 3008463, at ¶ 27. Under such circumstances, the common pleas court may not substitute its judgment for that of the board. Id., citing *Steinbacher v. Louis* (1987), 36 Ohio App.3d 68, 520 N.E.2d 1381, citing *Ogan,* supra; *Traub v. Warren Cty. Bd. of Commrs.* (1996), 114 Ohio App.3d 486, 491, 683 N.E.2d 411.

{¶ 17} An appellate court's review is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. In reviewing the common pleas court's determination that reliable, probative, and substantial evidence does not support the board's order, the appellate court's role is limited to determining whether the common pleas court abused its discretion. Id.; *Gallagher,* 2007-Ohio-847, 2007 WL 611377, at ¶ 15, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. On the question of whether the board's order is in accordance with the law, the appellate court's review is plenary. Id. If the common pleas court abused its discretion or committed legal error, the appellate court may reverse, vacate, or modify the judgment of the common pleas court. R.C. 119.12.

{¶ 18} Thus, the issue before this court is whether the common pleas court abused its discretion and improperly substituted its judgment for that of the board when the court reversed the board's order modifying appellant's removal to a suspension and reinstated the sheriff's removal order. The common pleas court concluded that the ALJ had merely "speculated," without supporting evidence, that the "primary reason for the severity of appellant's discipline was [the sheriff's] perception that appellant lied about the time and manner in which he injured his hand."

{¶ 19} Patrick Garrity, the Director of Management Services for the sheriff, testified at the evidentiary hearing before the ALJ that he was involved in the discipline of the sheriff's personnel, including appellant. He stated that he had reviewed the IAD investigation report regarding appellant and had forwarded it to the sheriff with his recommendations as to charges to be filed and the discipline to be imposed on appellant. According to Garrity, the sheriff and appellant reached a potential settlement agreement of the instant disciplinary matter pursuant to which appellant would receive a 30–day suspension, but the sheriff refused to proceed with the settlement agreement when he became aware of allegations that appellant had lied to IAD.

{¶ 20} In discussing penalties for rule violations generally, Garrity testified that lying to IAD automatically results in the severest penalty, removal from service, and that "use of force" is generally not a ground for removal in itself. Sergeant Carl Hickey, who conducted the IAD investigation of appellant, confirmed that lying to an IAD investigator will automatically result in the severest penalty: removal from service.

{¶ 21} Specifically addressing the reasons for appellant's removal, Garrity testified that the primary driving factors in the sheriff's removal decision were the allegations based on appellant's lying to IAD and his deception regarding the injury to his hand. Garrity acknowledged that appellant was charged with lying to IAD because Garrity did not believe that appellant had broken his hand while making rounds at the jail, as appellant told Sergeant Hickey in his IAD interview. Garrity and Sergeant Hickey both testified that they believed appellant had broken his hand during the June 22, 2003 excessive-force incident and then tried to falsely conceal how and when he sustained his injury. Garrity confirmed that the sixth and seventh grounds of the removal order, which the ALJ subsequently found unproven, were predicated on the "belief" that appellant had lied to IAD about how and when he injured his hand. According to Sergeant Hickey, appellant admitted all the other conduct to IAD.

{¶ 22} Contrary to the conclusion the common pleas court reached, the noted record evidence amply supports the ALJ's determination that "the primary reason for the severity of Appellant's discipline was [the sheriff's] perception that Appellant lied about the time and manner in which he injured his hand." Specifically, Garrity's testimony indicates that the sixth and seventh grounds for appellant's removal were based on a belief that appellant had lied to IAD about his hand injury. The board, through the ALJ, concluded that the sheriff did not prove those grounds, and the common pleas court did not conclude otherwise. Although the evidence was clear that the unproven grounds would have resulted automatically in a penalty of removal had they been proven, no evidence indicates that the other proven grounds carry such a harsh penalty. Similarly, no evidence suggests that the sheriff would have removed appellant from employment based on the proven grounds alone. To the contrary, the evidence suggests that the sheriff would have agreed to a 30–day suspension of appellant but for the additional allegations that appellant had lied to IAD.

{¶ 23} The common pleas court further concluded that the ALJ and the board were without authority to modify the sheriff's removal order because they did not identify the "mitigating circumstances and factors" supporting their decisions. Nothing requires the ALJ and board do so, although such identification facilitates a court's review of their decision. Instead, when reliable, probative, and substantial evidence in the record supports the board's order modifying

the punishment an appointing authority imposes, the common pleas court may not substitute its judgment for that of the board. See *Traub*, supra; *Steinbacher*, 36 Ohio App.3d at 71, 520 N.E.2d 1381. The board has the authority to modify an appointing authority's punishment of a classified employee if it considers the punishment to be unduly harsh in light of mitigating circumstances present in the case. *Traub*, 114 Ohio App.3d at 491, 683 N.E.2d 411; *Maiden v. Fayette Cty. Bd. of Retardation* (1984), 16 Ohio App.3d 196, 199–200, 16 OBR 211, 475 N.E.2d 135; *Steinbacher*, 36 Ohio App.3d at 70, 520 N.E.2d 1381; *Kyle*, 2006-Ohio-5517, 2006 WL 3008463, at ¶ 24. The board's power to modify the decision of an appointing authority includes the power to modify a removal order to a suspension order. *Maiden; Steinbacher*, supra.

{¶ 24} Here, the sheriff's failure to prove the two most serious charges against appellant is a mitigating factor apparent on the record, and it supports the board's decision to modify appellant's penalty from removal to suspension. Additionally, other factors the ALJ discussed, though not specifically identified as "mitigating factors," support the decision of the ALJ and the board to modify the penalty of removal, deemed "too harsh" in this matter: (1) appellant's cooperation during the IAD investigation, (2) appellant's forthrightness and honesty in his IAD interviews in admitting his culpable conduct on which the established rule violations were based, and (3) the relatively minor penalties imposed on other deputies in analogous situations.

{¶ 25} Because evidence in the record supports the decision of the board to reduce appellant's punishment from removal to suspension, the trial court abused its discretion when it substituted its judgment for that of the board concerning appellant's punishment. Accordingly, we sustain appellant's assignments of error. The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded to the common pleas court with instructions to affirm the board's order.

Judgment reversed
and cause remanded.

FRENCH and McGRATH, JJ., concur.