OPINION
{¶ 1} This is an appeal by appellee-appellant, Ohio Real Estate Appraiser Board ("board"), from a judgment of the Franklin County Court of Common Pleas, reversing an order of the board which determined that appellant-appellee, Robert A. Rickett, had violated provisions of Ohio R.C. Chapter 4763.
 {¶ 2} Appellee is a certified residential real estate appraiser, and has been in the appraisal business since 1969. He is currently the owner of an appraisal company, *Page 2 
Country Manor Management and Appraisals. On July 20, 2001, an individual employed by appellee performed an appraisal of property located at 1365 Shuster Road, Piketon, Ohio. The subject property consists of a manufactured home, located in a residential zoned area, and described as having a 1,536 square foot improvement consisting of six rooms, three bedrooms, and two baths.
 {¶ 3} On July 24, 2001, appellee, as the supervisory appraiser, signed off on the appraisal report. Also on that date, the property owners submitted to the Pike County Auditor's Office an "Application to Surrender Manufactured Home Title For Conversion To Real Estate."
 {¶ 4} In March 2003, a citizen's complaint was made to the board regarding the appraisal report issued by appellee, alleging that appellee had improperly appraised the property. Adam Tonti, an investigative supervisor with the Division of Real Estate and Professional Licensing (hereafter "division"), investigated the allegations surrounding the complaint.
 {¶ 5} On June 26, 2006, the division sent a notice of opportunity and hearing to appellee, alleging he had violated provisions of Ohio R.C. Chapter 4763. More specifically, the notice alleged that appellee, in preparing an appraisal report for the property at issue, valued a manufactured home as real property "when in fact the manufactured home located on the Subject property was personal property as of the effective date of your appraisal report." The notice cited violations of R.C. 4763.11(G)(5), (G)(6), (G)(7), and/or (G)(8).
 {¶ 6} A hearing was conducted before a board hearing examiner on August 17, 2006. The first witness for the state was Tonti, who testified that he conducted an *Page 3 
investigation for the division to determine whether property located at 1365 Schuster Road, Piketon, Ohio, was personal property or real property. Tonti identified the state's Exhibit 3 as an appraisal report, dated July 20, 2001, prepared by appellee's appraiser, Laurie Cummings, and signed by appellee as the supervisory appraiser. Tonti testified that the entries in the exhibit were consistent with a description of real property, and that there were no entries indicating that the residence constituted personal property. After contacting the Pike County Auditor's Office, Tonti reviewed a copy of a registration for a manufactured home, as well as an application made by the property owner to have the manufactured home converted to real estate. The application to surrender title for conversion to real estate was filed July 24, 2001, with the names Amanda Entler and Bobby Entler listed as owners.
 {¶ 7} Appellee testified on his own behalf, and stated that Cummings performed the inspection of the subject property on July 20, 2001. Following the appraisal, appellee conducted a desk review and signed as the supervisor appraiser on July 24, 2001. In his review of the property, appellee determined the manufactured home was part of the real estate because it was bolted down, and he stated that the appraisal report would not have been accurate had the property been listed as other than real estate. Appellee further testified that he did not sign off on the appraisal report until after he had received documentation indicating that the Ohio Bureau of Motor Vehicle Certificate of Title had been surrendered to the auditor's office on July 24, 2001.
 {¶ 8} Appellee acknowledged there was an error contained in the report; specifically, a check mark which had been placed in a "no" box next to "manufactured housing" should have been placed in the box marked "yes." Appellee testified that his *Page 4 
wife typed the information on the document, but he acknowledged it was his responsibility to find and correct such error.
 {¶ 9} On December 28, 2006, the hearing examiner issued a report and recommendation, finding that the property at issue was not real property on the effective date of the appraisal report, but, rather, was personal property. The hearing examiner concluded that appellee was in violation of the eight charges as set forth in the notice of opportunity for hearing, including charges that he: (1) incorrectly employed recognized methods or techniques necessary to produce a credible appraisal report; (2) rendered appraisal services in a careless or negligent manner; (3) committed substantial errors of omission that significantly affected his appraisal report; (4) prepared a report that contained insufficient information to enable the intended users of the report to understand the report properly; and (5) completed an appraisal report that was misleading.
 {¶ 10} Appellee subsequently filed objections to the report of the hearing examiner, and the matter came for hearing before the board on February 9, 2007. The board issued an order on February 16, 2007, finding appellee in violation of the eight charges. On Charge No. 1, the board ordered appellee to complete 15 additional hours of education. The board imposed a civil penalty of $250 as to Charge No. 2, and issued a public reprimand against appellee as to Charge Nos. 3-8.
 {¶ 11} Appellee filed a notice of appeal with the trial court from the order of the board, and the matter came before the trial court upon briefs submitted by the parties. On August 3, 2007, the trial court issued a decision reversing the order of the board, finding in part that the board's order was not supported by reliable, probative, and substantial evidence. The trial court also found that the division had engaged in unreasonable delay *Page 5 
in bringing the complaint against appellee, as more than three years had passed from the time the complaint was issued (March 3, 2003), until the time the division notified appellee of the charges and advised him of the opportunity for a hearing (June 26, 2006). Finally, the trial court found that such delay denied appellee due process of law.
 {¶ 12} On appeal, the board sets forth the following three assignments of error for this court's review:
 I. The lower court erred as a matter of law in finding it had jurisdiction to hear the administrative appeal.
 II. The lower court erred as a matter of law in finding the delay in bringing the charges was unreasonable and a violation of due process.
 III. The lower court abused its discretion when it found the Ohio Real Estate Appraiser Board's order is not supported by some reliable, probative, and substantial evidence.
 {¶ 13} Under the first assignment of error, the board asserts that the trial court lacked subject-matter jurisdiction over the case because the board failed to issue a certified copy of its order to appellee. In support, the board cites Hughes v. Ohio Dept. of Commerce,114 Ohio St.3d 47, 2007-Ohio-2877, in which the Ohio Supreme Court construed provisions of R.C. 119.09 regarding an agency's service of a final adjudication order.
 {¶ 14} R.C. 119.09 provides, in part, that, after an administrative agency order "is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected." Further, "[a] copy of such order shall be mailed to the attorneys or other representatives of record representing the party." Id. *Page 6 
 {¶ 15} The board cites Hughes for the proposition that "[a]n administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it[.]" Hughes, supra, at paragraph one of the syllabus. In its appellate brief, the board acknowledges that it failed to certify the adjudicative order it sent to appellee. Thus, the board's contention that this court must vacate the trial court's decision on the basis of Hughes is predicated upon its own failure to comply with statutory requirements.
 {¶ 16} The board, however, raises the issue of its deficiency regarding the certification for the first time in its appeal to this court. This court has previously held, under such circumstances, that an agency's failure to bring to the trial court's attention a claimed error based upon Hughes precludes it from raising that argument before this court. See Johns 3301 Toledo Café, Inc. v. Liquor Control Comm., Franklin App. No. 07AP-632, 2008-Ohio-394, at ¶ 42 ("[b]ecause appellant failed to raise a claim of error based on Hughes before the common pleas court, we find that appellant has forfeited this issue for appellate purposes"). See, also, Colonial Village Ltd. v. Washington Cty. Bd. ofRevision, 114 Ohio St.3d 493, 2007-Ohio-4641, at ¶ 15 ("[b]ecause the certification issue in Hughes had been raised in the lower tribunal, the issue was preserved; the failure to raise the jurisdictional issue at the [board of tax appeals] in this case means that it is barred").
 {¶ 17} Based upon the above precedent, the board's first assignment of error is without merit and is overruled.
 {¶ 18} We will address the board's second and third assignments of error in inverse order. Under the third assignment of error, the board contends the trial court *Page 7 
erred in holding that its order was not supported by reliable, probative, and substantial evidence. The board argues that the trial court, in reversing the order of the board, substituted its own judgment for that of the administrative agency.
 {¶ 19} R.C. 119.12 provides that a trial court, in reviewing an appeal of an administrative agency, "may affirm the order of the agency * * * if it finds * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." In the absence of such a finding, the court "may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." Id.
 {¶ 20} The review of an administrative record by a court of common pleas "is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med.Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280. Although the common pleas court is to give due deference to the administrative agency's resolution of evidentiary conflicts, the agency's findings are not conclusive.Medcorp, Inc. v. Ohio Dept. of Job Family Serv., Franklin App. No. 07AP-312, 2008-Ohio-464, at ¶ 13.
 {¶ 21} This court's standard of review is more limited than that of the trial court. Franklin Cty. Sheriff v. Frazier, 174 Ohio App.3d 202,2007-Ohio-7001, at ¶ 17. Specifically, "[i]n reviewing the common pleas court's determination that reliable, probative, and substantial evidence does not support the board's order, the appellate *Page 8 
court's role is limited to determining whether the common pleas court abused its discretion." Id.
 {¶ 22} As noted, the board adopted the report of the hearing examiner, who found violations of R.C. 4736.11(G). Specifically, the hearing examiner found violations based upon appellee's representation that the subject property was "real property when in fact the manufactured home located on the subject property was personal property as of the effective date of his appraisal report."
 {¶ 23} R.C. 4736.11(G) provides in part:
 The board shall take any disciplinary action authorized by this section against a certificate holder, registrant, or licensee who is found to have committed any of the following acts, omissions, or violations during the appraiser's certification, registration, or licensure:
 * * *
 (5) Violation of any of the standards for the development or communication of real estate appraisals set forth in this chapter and rules of the board;
 (6) Failure or refusal to exercise reasonable diligence in developing an appraisal, preparing an appraisal report, or communicating an appraisal;
 (7) Negligence or incompetence in developing an appraisal, in preparing an appraisal report, or in communicating an appraisal;
 (8) Willfully disregarding or violating this chapter or the rules adopted thereunder[.]
 {¶ 24} Thus, at issue is whether the trial court abused its discretion and improperly substituted its judgment for that of the board in finding the evidence failed to support the board's determination that appellee violated the above provisions because the appraisal *Page 9 
incorrectly characterized the subject property as real estate. In making its determination, the board adopted in toto the hearing examiner's findings of fact and conclusions of law, in which the hearing examiner found the provisions of R.C. 5701.02(B)(2) to be dispositive.
 {¶ 25} R.C. 5701.02 sets forth definitions of "real property" and "manufactured or mobile home building" for taxation purposes. R.C. 5701.02(B)(2) provides as follows:
 "Manufactured or mobile home building" means a mobile home as defined in division (O) of section 4501.01 of the Revised Code or a manufactured home as defined in division (C)(4) of section 3781.06 of the Revised Code, if the home meets both of the following conditions:
 (a) The home is affixed to a permanent foundation as defined in division (C)(5) of section 3781.06
of the Revised Code and is located on land owned by the owner of the home.
 (b) The certificate of title for the home has been inactivated by the clerk of the court of common pleas that issued it pursuant to section 4505.11 of the Revised Code.
 {¶ 26} Relying on the above provisions, the board asserts that the property at issue was not real property at the time of the appraisal because the certificate of title for the home had not yet been surrendered.[1] As noted under the facts, the appraisal was conducted July 20, 2001, and the application to surrender title was submitted four days later on July 24, 2001.
 {¶ 27} In response, appellee argues that the statute relied upon by the hearing examiner is inapplicable as it pertains to the issue of whether property is personal or real *Page 10 
for taxation purposes. Appellee maintains that the subject property constituted a fixture at the time of the appraisal report, and that the trial court did not err in analyzing the evidence under traditional fixture analysis in rejecting the board's determination that appellee mischaracterized the nature of the property.
 {¶ 28} The trial court, as noted by appellee, applied common-law fixture analysis in considering the evidence submitted regarding the characterization of the property. The Ohio Supreme Court, in employing such an approach, has defined a "fixture" as "`[a]n article that was once personal property but has since been installed or attached to the land or building in a rather permanent manner, regarded in law as part of the real estate.'" Litton Sys., Inc. v. Tracy (2000),88 Ohio St.3d 568, 572 (quoting the Dictionary of Real Estate Appraisal, at 127).
 {¶ 29} In Masheter v. Boehm (1974), 37 Ohio St.2d 68, paragraph two of the syllabus, the Ohio Supreme Court held:
 The determination of whether an item is a fixture, passing with the real property in an appropriation proceeding, must be made in light of the particular facts of each case, taking into account such facts as the nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention of the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause.
 {¶ 30} A state certified or state licensed real estate appraiser is required to comply with various applicable standards, including "the uniform standards of professional appraisal practice, as adopted by the appraisal standards board of the appraisal foundation[.]" Ohio Adm. Code 1301:11-5-01(A). The failure to comply with such *Page 11 
standards "may constitute a violation of one or more divisions of section 4763.11 of the Revised Code." Ohio Adm. Code 1301:11-5-01(B). The Uniform Standards of Professional Appraisal Practice ("USPAP") defines "real property" as "the interests, benefits, and rights inherent in the ownership of real estate." The USPAP defines "real estate" as "an identified parcel or tract of land, including improvements, if any."
 {¶ 31} In the present case, the trial court noted that the division's investigator, Tonti, who conducted his investigation three years after the complaint, testified he was uncertain whether the manufactured home was attached at the time of the appraisal. On this point, we note the record indicates the division's investigator acknowledged during his testimony that the only information he had concerning the status of whether the manufactured home was real property or personal property was from the documents obtained from the auditor's office. Thus, the trial court found that the only direct evidence in the record was that the structure was bolted down to the realty. In considering the record before the board, the trial court found that the evidence indicated:
 * * * [T]he manufactured home * * * (1) was affixed or annexed (bolted down) to the realty, (2) was being used as a stationary residence and (3) was intended by the owner to be considered a permanent accession to the realty in view of the fact that on the day the appraisal was effective, the owner changed the tax status of the structure as taxable as realty. Consequently, any finding that appellant mischaracterized the nature of the residence is not supported by reliable, probative, and substantial evidence. * * *
(Footnote omitted.)
 {¶ 32} As noted, the criterion cited by the hearing examiner in determining that appellee violated appraiser standards was R.C. 5701.02, involving the classification of *Page 12 
property for taxation purposes. Specifically, the board's hearing examiner appears to have found determinative the date the certificate of title was surrendered.
 {¶ 33} However, courts interpreting Ohio law have given recognition to the fact that, once a manufactured home is affixed to real property, the law treats it as a fixture that is part of the real estate. In reEvans (Bankr.Ct.S.D.Ohio 2007), 370 B.R. 138, 141 ("[a] manufactured home, which would often be considered an item of personal property, changes its character when it is affixed to real property"). InEvans, supra, at 143, the court noted that the failure to surrender a certificate of title of a manufactured home to a county clerk is not a necessary prerequisite to a valid fixture being created in a mobile home, holding that whatever significance the surrender of certificate of title may have under Ohio law for tax purposes does not negate the fact that a manufactured home is real property once it is affixed to the land. See, also, In re Cluxton (S.D.Ohio 2005), 327 B.R. 612, 615 ("Ohio courts have held that a failure to precisely follow the statute by a county auditor does not negate the mobile home becoming part of the real property by operation of law"), citing Snyder v. Hawkins, Coshocton App. No. 03-CA-007, 2004-Ohio-99; In re Davis (S.D.Ohio 2008), 386 B.R. 182
(although evidence was undisputed certificate of title for mobile home was not surrendered, case remanded for bankruptcy court to apply traditional fixture analysis "by looking at the physical annexation of the home to the land, the use of the home, and the parties' intent" to determine whether mobile home is real property under Ohio law). See, also, 1993 Ohio Atty.Gen.Ops. No. 385 ("[t]he surrender of the title is the result of the transformation of the manufactured home to real property status and not * * * the cause of the transformation"). (Emphasis added.) *Page 13 
 {¶ 34} In the present case, the trial court, in conducting its hybrid review, found the evidence to be undisputed that the property was bolted down, or affixed to the land. The trial court further found that the record supported a determination that the owners intended to treat the manufactured home as real property, as evinced by the fact they surrendered title to the property on July 24, 2001. Further, appellee testified he did not sign off on the appraisal report until the certificate of title was surrendered, and he stated that the appraisal report was not provided to anyone prior to July 24, 2001. Here, regardless of the status of the property for tax purposes at the time of the appraisal by appellee's employee, we find the trial court properly considered whether the property could have been characterized as real property, for purposes of the appraisal, under traditional fixture analysis. See Cluxton, supra, at 615 (recognizing under Ohio law that traditional fixture analysis, employing three-prong common-law test set forth in Teaff v. Hewitt (1853), 1 Ohio St. 511 (i.e., attachment, adaptation, and intent), was a proper test to determine whether mobile home is real property under Ohio common law). Based upon this court's review of the evidence cited above, we find no abuse of discretion by the trial court in holding that the board's finding that appellee mischaracterized the property as real property was not supported by reliable, probative, and substantial evidence.
 {¶ 35} Accordingly, the board's third assignment of error is without merit and is overruled.
 {¶ 36} Under the second assignment of error, the board asserts that the trial court erred in determining that the division's delay in bringing the charges was violative of due process. Based upon our disposition of the third assignment of error, finding the trial court did not abuse its discretion in finding the board's order was not supported by *Page 14 
reliable, probative, and substantial evidence, we need not reach the issue whether the trial court erred in finding a due process violation, and, thus, the board's second assignment of error is rendered moot.
 {¶ 37} Based upon the foregoing, the board's first and third assignments of error are overruled, the second assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] As noted, R.C. 5701.02(B)(2)(b) contains a requirement that the certificate of title be "inactivated by the clerk of the court of common pleas that issued it pursuant to R.C. 4505.11[.]" R.C. 4505.11(H)(1) provides in part that "an owner of a manufactured or mobile home that will be taxed as real property * * * shall surrender the certificate of title to the auditor of the county containing the taxing district in which the home is located." *Page 1