William J. BLANTON, Plaintiff–Appellant,

v.

INCO ALLOYS INTERNATIONAL, INC., Defendant–Appellee.

No. 96–5043.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 22, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 9, 1997.

Leslie Patterson Vose, Sandra Mendez Dawahare, Landrum & Shouse, Lexington, KY, for Plaintiff–Appellant.

John E. Jenkins, Jr., Patricia A. Jennings, Jenkins, Jr., Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, J. Grant McGuire, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Ashland, KY, for Defendant–Appellee.

Jennifer S. Goldstein (briefed), Equal Employment Opportunity Commission, Office of the General Counsel, Washington, DC, for Amicus Curiae.

Before: MARTIN, Chief Judge, WELLFORD and MOORE, Circuit Judges.

## SUPPLEMENTAL OPINION

PER CURIAM.

Following the issuance of an opinion in this dispute on March 4, 1997, the Equal Employment Opportunity Commission ("EEOC") as amicus curiae filed a petition for rehearing, and defendant Inco Alloys International, Inc. ("Inco") has also filed a motion for rehearing (or in the alternative, for rehearing *en banc*).

We issue this supplemental opinion in light of these subsequent actions and subsequent authority dealing with several of the issues addressed in this case. We adopt and reiterate our March 4, 1997 opinion (108 F.3d 104), except as indicated hereinafter:

> The panel's opinion should not be read to endorse judicial estoppel in this context. We simply held that "[i]n light of the overwhelming weight of the medical evidence, as well as Blanton's own admissions, we find that Blanton was unable to perform his former position of extrusion press crew leader as a matter of law." We agree with the D.C. Circuit's opinion in *Swanks v. Washington Metropolitan Area Transit Auth.*, 116 F.3d 582 (D.C.Cir.1997), that holds that the receipt of disability benefits does not preclude subsequent ADA relief and rejects the doctrine of judicial estoppel, but does allow the consideration of prior sworn statements by the parties as a material factor.[1]

On petition for rehearing, Inco urges that *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173 (6th Cir.1996), and *Hankins v. The Gap, Inc.*, 84 F.3d 797 (6th Cir.1996), require affirmance of summary judgment for Inco. We disagree. Although *Monette* does require that "the disabled individual bears the initial burden of proposing an accommodation and showing that *that* accommodation is objective reasonable," Blanton argues that he did meet this burden at least at the summary judgment stage here. Blanton points to evidence in the record that he sought to come back to work and that he was told there was nothing for him. He presented sufficient evidence to raise a genuine issue of material fact under *Monette* and *Hankins.*

We reiterate our conclusion that we **AFFIRM** in part and **REVERSE** in part, and **REMAND** for further consideration of the issue whether Inco failed to reasonably accommodate Blanton by not considering him for transfer to a vacant position. We effectuate this remand by setting aside that part of the district court's summary judgment holding that Blanton was "unable to perform routine tasks" with respect to Inco's duty to accommodate.

---

1. *Swanks* also holds that "any backpay award could be reduced to the extent necessary to avoid double recovery."