DECISION
{¶ 1} Appellant-appellant, Chong Hadaway, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee-appellee, Ohio Liquor Control Commission ("commission") that imposed a 30-day suspension on appellant for selling beer to an underage confidential informant. Because the common pleas court properly affirmed the commission's order, we affirm.
 {¶ 2} According to the stipulated facts from the investigative report, on September 7, 2001, the Ohio Department of Public Safety ("division") and the Columbus Police Department were involved in a joint enforcement project in the Ohio State University campus area. On that day, Agent Lesley H. Poole and Detective Ben Wolfingbarger visited the permit premises with an underage confidential informant. The informant had a valid Ohio driver's license bearing the correct date of birth. The informant was instructed on the method of operation, given "buy" money, and told to answer truthfully any questions the salesclerk posed.
 {¶ 3} At approximately 7:35 p.m., the confidential informant entered the permit premises, retrieved one six-pack of Bud Light beer, and proceeded to the checkout counter. The clerk did not request identification and rang up the sale. The confidential informant paid for the beer, exited the premises, and delivered the evidence to Detective Wolfingbarger. Agent Poole entered the premises immediately after the confidential informant, observed the transaction, exited when the informant left, watched the informant deliver the beer to Detective Wolfingbarger, and reentered the premises to advise the clerk of the violation.
 {¶ 4} The division served notice on Chong Hadaway, Inc. dba Culpepper's General Store that an administrative hearing would be held to determine whether appellant's liquor license should be suspended or revoked, or a forfeiture ordered. The notice of hearing alleged that on or about September 7, 2001, appellant committed two violations pursuant to R.C. 4301.69(A): (1) appellant's agent or employee sold beer to a confidential informant who was under the age of 21, and (2) appellant's agent or employee furnished beer to a confidential informant who was under the age of 21.
 {¶ 5} At the April 9, 2002 hearing before the commission, the second violation was dismissed, and proceedings were held concerning the remaining charge. Appellant denied the alleged violation but stipulated to the investigative report and the facts contained in it. The commission admitted the report into the record and found appellant violated R.C.4301.69(A), as charged. In addressing the penalty, appellant noted not only that it had held its permit for 13 years, but that it immediately had terminated the clerk who was involved in the transaction. The commission ordered appellant's permit suspended for a period of 30 days, beginning May 21, 2002 and ending June 20, 2002.
 {¶ 6} Pursuant to R.C. 119.12, appellant appealed the commission's order to the Franklin County Court of Common Pleas, and the court granted appellant a motion to stay execution of the commission's order pending a final determination of appellant's appeal. On March 25, 2003, the common pleas court affirmed the commission's order, stating in part:
It is undisputed that, on September 7, 2001, Appellant's employee sold beer to a confidential informant who was under 21 years old, in violation of R.C. 4301.69(A). Pursuant to R.C. 4301.25(A), the Commission may suspend Appellant's liquor permit for that violation.
Upon consideration of the record that the Commission has certified to the Court, the Court finds that the Commission's April 23, 2002 Order, suspending Appellant's liquor permit for thirty days, is supported by reliable, probative, and substantial evidence and is in accordance with law. The Order is therefore AFFIRMED.
 {¶ 7} Appellant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
The trial court erred in its finding that Chong-Hadaway, Inc. did not receive disparate treatment thereby violating its Constitutional rights.
ASSIGNMENT OF ERROR NO. 2
The trial court erred in its finding that the Ohio Liquor Control Commission enforced administrative regulations in a uniform and reasonable manner.
 {¶ 8} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275,280.
 {¶ 9} The common pleas court's "* * * review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Veterinary Medical Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra, at 111.
 {¶ 10} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied,67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted, "[w]hile it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court abused its discretion * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. An appellate court does, however, have plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus, and In re Raymundo (1990),67 Ohio App.3d 262, 265, jurisdictional motion overruled,53 Ohio St.3d 718.
 {¶ 11} Appellant's two assignments of error are interrelated, and we therefore address them jointly. Together they assert the division selectively enforced the relevant statute against appellant and denied appellant equal protection, allegedly because one of the permit holders is of Asian descent.
 {¶ 12} Appellant was charged with violating former R.C. 4301.69(A), which provides that "no person shall sell beer or intoxicating liquor to an underage person." The facts stipulated before the commission amply support the violation the commission found. Specifically, the evidence demonstrated that an underage confidential informant entered the permit premises, retrieved a six-pack of beer, and proceeded to the checkout counter where the clerk rang up the sale. The informant paid for the beer and left the premises with the beer. The trial court properly determined the commission's order is supported by substantial, reliable and probative evidence.
 {¶ 13} Moreover, in penalty mitigation, appellant presented no evidence at the hearing before the commission. Instead, appellant simply argued in mitigation that it had held its permit for 13 years and had terminated the clerk who was involved in the transaction. At the hearing, however, the commissioners learned of a subsequent offense against appellant. When the commission asked appellant for any statement in response to that information, appellant offered nothing.
 {¶ 14} As a result of the nature of the proceedings to date, the record contains nothing to support a claim of selective enforcement of the liquor laws or an equal protection violation. Nothing in the record reflects the enforcement procedures against appellant as compared to other entities. Nothing in the record names the corporate owners of the permit at issue, much less reveals whether they are of Asian descent. Moreover, although appellant suggests the division focused on appellant because it lacked the financial means to respond, nothing in the record reflects the financial status of appellant or its owners.
 {¶ 15} Apparently recognizing the deficiencies in the record, appellant attempted in the common pleas court to supplement the record with notices of violations issued to Super America/Speedway. It further attempted to procure discovery in the common pleas court regarding the city of Columbus' objection to the renewal of appellant's permit.
 {¶ 16} The common pleas court, however, struck appellant's supplement to the record pursuant to R.C. 119.12 ("[u]nless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency"). The common pleas court further overruled appellant's motion to compel discovery. Undeterred, appellant filed a second motion; the common pleas court overruled it as well.
 {¶ 17} The common pleas court properly confined itself to the certified record in this case. In Daniels Buick Co. v. General Motors Corp. (Oct. 13, 1998), Franklin App. No. 97APE12-1701, this court noted that, in an R.C. 119.12 proceeding, "a common pleas court may exercise its discretion to admit additional evidence into the record in an appeal from an administrative proceeding only if it has first determined that the additional evidence is both newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." Id. Here, even if some of the documents could have been deemed "newly discovered," or evidence in existence at the time of the administrative hearing, nothing in the record indicates appellant could not have procured them prior to the hearing before the commission. Moreover, discovery is not appropriate in the common pleas court in an appeal pursuant to R.C. 119.12. Id.
 {¶ 18} Based on the record certified from the commission, the common pleas court correctly determined the record lacks evidence to support appellant's claims of selective enforcement and disparate impact equal protection violations. Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and WATSON, J., concur.