OPINION
{¶ 1} This is an appeal by appellee-appellant, Ohio Department of Youth Services ("DYS"), from a judgment of the Franklin County Court of Common Pleas, reversing an order of the State Personnel Board of Review ("SPBR"), which dismissed two appeals of appellant-appellee, Deborah L. Austin, following the denial of her reinstatement from an involuntary disability separation.
 {¶ 2} Since April 19, 1994, appellee has been employed by DYS as an Office Assistant III, working at the Indian River Juvenile Correctional Facility. By letter dated *Page 2 
January 30, 2003, DYS informed appellee that, pursuant to Ohio Adm. Code123:1-33-02, she was being placed on involuntary disability separation, effective February 10, 2003. Appellee subsequently filed two separate requests for reinstatement, but DYS denied her requests.
 {¶ 3} On May 5, 2003, appellee filed an appeal with the SPBR, challenging DYS's refusal to reinstate her from involuntary disability separation.[1] Appellee filed a second appeal on August 6, 2003. An administrative law judge ("ALJ") issued a procedural order, requiring both appellee and DYS to submit responses to various questions relating to appellee's separation.
 {¶ 4} According to a response filed by DYS, appellee was not reinstated at the time because of conflicting information submitted by her physicians regarding her work restrictions, continuing treatment, and her ability to return to work. Further, a pre-reinstatement hearing was never scheduled because, according to DYS, it did not consider appellee's medical releases to be substantial, credible medical evidence that she was capable of performing the essential functions of her job.
 {¶ 5} Appellee indicated in a response that she received 66 percent of her pay from disability payments from the state until September 14, 2003. According to DYS, appellee began receiving disability benefits on February 25, 2003, and those benefits continued until September 14, 2003.
 {¶ 6} On December 1, 2005, DYS filed a motion to dismiss the appeals, asserting that appellee was receiving disability benefits at both times she requested reinstatement. Appellee did not file a memorandum contra the motion to dismiss. *Page 3 
 {¶ 7} The ALJ subsequently issued a report, recommending that appellee's appeals be dismissed. The report of the ALJ stated in part:
 The question to be answered at record hearing in the instant appeal would be if Appellant was capable of performing the essential duties of her position as of the dates of her requests for reinstatement. It would be fraudulent for Appellant to argue that she could perform her job duties as of May 2003 and August 2003, and at the same time, collect disability leave benefits. Appellant cannot argue to this Board that she could perform her job duties and at the same time argue to the Department of Administrative Services that she could not do those duties.
 {¶ 8} On December 28, 2005, appellee filed objections to the ALJ's report and recommendation, asserting in part that she was never served with an order of involuntary disability separation until after the effective date of her separation, nor was she provided a pre-deprivation hearing. Appellee requested that the SPBR reject the report and recommendation of the ALJ, and that it direct an evidentiary hearing to be scheduled regarding her appeals.
 {¶ 9} On January 9, 2006, DYS filed a response to appellee's objections. In its response, DYS argued that appellee indicated in both letters of appeal to the SPBR that she was appealing the denial of reinstatement, not her involuntary disability separation. By order dated February 17, 2006, the SPBR adopted the recommendation of the ALJ and dismissed appellee's appeals.
 {¶ 10} On March 6, 2006, appellee filed an appeal with the trial court from the order of the SPBR. No briefs were filed with the trial court by the parties. *Page 4 
 {¶ 11} On August 9, 2006, the trial court issued a decision, finding that the order of the SPBR was not supported by reliable, probative, and substantial evidence, and was not in accordance with law. In its decision, the trial court held in pertinent part:
 Numerous cases have considered and required reinstatement and back pay but required deductions for receipt of unemployment compensation, disability pension, and disability pay. * * * If Appellant was improperly denied reinstatement then her disability payments would have compensated her for only 66% of her salary. The contention that Appellant presented sufficient medical evidence to warrant reinstatement has never been considered by the Board. It was determined that receipt of disability benefits automatically disallowed reinstatement ostensibly because she would not have been entitled to benefits if she was able to work.
 The predicament fostered by the dismissal by the Board is that an employee may be faced with a choice of seeking reinstatement and no income, or an acquiescence to a reduced income but bar from returning to work when the disability has been rectified. The Court does not believe that the intent of the legislature was for such a result. The Court does not determine the issue of whether Appellant presented sufficient medical evidence to support a return to work. If the burden is determined to have been met by the Board, then any back pay award could be offset by disability payments received.
(Footnote omitted.)
 {¶ 12} The decision of the trial court was journalized by judgment entry filed August 23, 2006. DYS has appealed from the judgment of the trial court, setting forth the following single assignment of error for this court's review:
 The court of common pleas erred as a matter of law in overturning and finding that the order of the State Personnel Board of Review was not supported by reliable, probative and substantial evidence when the court misapplied the law and relevant evidence and then improperly substituted its own judgment for that of the State Personnel Board of Review. *Page 5 
 {¶ 13} In its sole assignment of error, DYS argues that the trial court erred as a matter of law by improperly substituting its own judgment for that of the SPBR. As noted under the facts, the SPBR found that appellee could not claim to be disabled and, at the same time, claim that she could perform the duties of her position in her application for reinstatement.
 {¶ 14} When a common pleas court, pursuant to R.C. 119.12, reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111. See, also, Andrew v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280.
 {¶ 15} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),64 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required under R.C. 119.12 as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. * * * (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. * * * (3) "Substantial" evidence is evidence with some weight; it must have importance and value. * * *
(Footnotes omitted.)
 {¶ 16} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative *Page 6 
character of the evidence, and the weight thereof.'" Lies v. OhioVeterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quotingAndrews, at 280.
 {¶ 17} An appellate court's review of an administrative decision is even more limited than that of a common pleas court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619. In Pons, supra, at 621, the Ohio Supreme Court stated in relevant part:
 * * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
 {¶ 18} However, an appellate court does have plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce (1998),129 Ohio App.3d 800, 803.
 {¶ 19} In this case, appellee, while receiving disability benefits, twice requested reinstatement to her position pursuant to Ohio Adm. Code123:1-33-04. Each of her requests was denied by DYS based on the reasoning that the information from her doctor was conflicting, and that she had failed to submit a release for all conditions. Therefore, it was found, she did not produce medical evidence to establish she was medically cleared to return to work as required by Ohio Adm. Code123:1-33-04(A).
 {¶ 20} On appeal, the ALJ made a recommendation, which the SPBR adopted, dismissing the appeals because appellee "was receiving disability benefits at the time she requested reinstatement of her position." The trial court, in reviewing the dismissal of the appeals, noted that the SPBR's reasoning created a situation in which an employee *Page 7 
seeking reinstatement would be forced to choose between income and reinstatement. Further, the court found that the SPBR had not determined the issue of whether appellee should be permitted to return to her position based upon the medical evidence presented. The trial court declined to make this determination, but did find that, if sufficient medical evidence had been presented, and the SPBR determines appellee's burden has been met, an offset would be applicable.
 {¶ 21} Upon review, we conclude the trial court did not substitute its judgment for that of the SPBR. The trial court found that the SPBR had not addressed the determinative issue, but rather had simply ruled that appellee's receipt of disability benefits automatically precluded reinstatement based upon the ALJ's reasoning that appellee would not have been receiving benefits had she been able to work.
 {¶ 22} DYS also contends that the theory of judicial estoppel precludes appellee from taking inconsistent positions regarding her ability to work on the days she sought reinstatement. DYS, citingBlanton v. Inco Allys Intern., Inc. (C.A.6, 1997), 108 F.3d 104, 108, argues that the Sixth Circuit Court of Appeals has recognized that the doctrine of judicial estoppel is alive and well as to disability issues if the standards involved are the same.
 {¶ 23} In general, "`[t]he doctrine of judicial estoppel forbids a party "from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding."'"Smith v. Dillard Dept. Stores (2000), 139 Ohio App.3d 525, 533, quotingTeledyne Indus., Inc. v. NLRB (C.A.6, 1990), 911 F.2d 1214, 1217. In the instant case, however, we note that the issue of judicial estoppel was never raised before the trial court, and, therefore, we decline to find that the court abused its discretion by failing to *Page 8 
consider that argument. Further, in the Blanton case, relied upon by DYS, the Sixth Circuit subsequently issued a supplemental opinion, holding that it's prior opinion "should not be read to endorse judicial estoppel in this context." Blanton v. Inco Alloys Intern., Inc. (C.A.6, 1997), 123 F.3d 916, 917. Rather, that court agreed with the D.C. Circuit Court's opinion in Swanks v. Washington Metropolitan AreaTransit Auth. (D.C. Cir., 1997), 116 F.3d 582, holding that the receipt of disability benefits did not preclude subsequent relief under the Americans with Disabilities Act, and, therefore, rejecting application of the doctrine of judicial estoppel. Id.
 {¶ 24} Based upon the foregoing, we find no abuse of discretion by the trial court, and the assignment of error of DYS is not well-taken. Accordingly, the assignment of error of DYS is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
FRENCH and McGRATH, JJ., concur.
[1] Appellee was reinstated to her position on November 4, 2003. *Page 1