POPE, Appellee,

v.

**OHIO STATE DEPARTMENT OF REHABILITATION
AND CORRECTION, Appellant.**

[Cite as *Pope v. Ohio State Dept. of Rehab. & Corr.,*
179 Ohio App.3d 377, 2008-Ohio-5064.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–138.

Decided Sept. 30, 2008.

Blumenstiel, Huhn, Adams & Evans, L.L.C., and Braden Blumenstiel, for appellee.

Nancy H. Rogers, Attorney General, and Timothy M. Miller and Nicole S. Moss, Assistant Attorneys General, for appellant.

BRYANT, Judge.

{¶ 1} Appellant, Ohio State Department of Rehabilitation and Correction, North Central Correctional Institution ("department"), appeals from a judgment of the Franklin County Court of Common Pleas (1) reversing the decision of the State Personnel Board of Review ("board") that determined that appellee, James E. Pope, was receiving temporary disability benefits from the Bureau of Workers'

Compensation at the time he requested reinstatement to his position with the department and (2) ordering the department to reinstate Pope to his position as a corrections officer at the North Central Correctional Institution. The department assigns a single error:

> The common pleas court erred when it reversed the decision by the State Personnel Board of Review to dismiss the appeal of James Pope.

Because the common pleas court considered evidence improperly admitted during Pope's R.C. 119.12 appeal from the board's order, we reverse.

## I. Facts

{¶ 2} The details of the proceedings before the board and the common pleas court are central to the appeal, so we address them in some detail. Pope was employed as a corrections officer at the North Central Correctional Institution. Due to an industrial injury, he was subject to an involuntary disability separation, and his last day of work was March 11, 2003.

{¶ 3} By letter dated March 9, 2006, Pope requested that he be reinstated, stating that he was capable of returning to his position of employment without restrictions per his doctor's release. Attached was a "Physician's Report of WORK ABILITY," dated March 2, 2006, in which Charles B. May, D.O., stated only that Pope could return to work with no restrictions as of March 11, 2006. The department did not find the report to be substantial, credible evidence of Pope's ability to work because it earlier received from the same doctor a physician's report of work ability, bearing what appears to be a date of February 13, 2006 and stating that Pope's return to work was conditioned on restrictions that were permanent. Because the department concluded that the evidence was not substantial or credible, it refused to reinstate Pope. On April 10, 2006, Pope, acting without legal counsel, filed a notice of appeal from the department's order refusing to reinstate him from his involuntary disability separation.

{¶ 4} The hearing officer for the board issued a procedural order dated July 13, 2006, concluding that "judicial efficiency will be served by developing the record by questionnaire prior to setting a record hearing concerning this appeal." According to the order, the department was to submit to the board and Pope a response to the 18 questions in the questionnaire. Pope in turn could file an optional reply with the board and the department.

{¶ 5} On August 9, 2006, the department filed its response indicating that although Pope applied for reinstatement on March 9, 2006, the department did not reinstate him "because the medical release he provided was not credible. The release was not credible because the same doctor sent [the department] a medical report on February 2, 2006, *just a month prior,* which stated that [Pope] had permanent restrictions." (Emphasis sic.) In response to the procedural

order's written inquiry whether Pope was receiving any disability benefits from a retirement system, the department advised that Pope was receiving workers' compensation benefits through May 15, 2006, but had not received any benefits from a retirement system.

{¶ 6} Determining that further information would be needed before she could proceed in the matter, the hearing officer issued a second procedural order dated August 10, 2006. It ordered the department "to submit documentation establishing the time period that [Pope] was receiving Workers' Compensation benefits."

{¶ 7} On September 26, 2006, the department filed a response to the second procedural order, attaching an affidavit and accompanying documents that showed that Pope was receiving temporary total disability benefits for the time period from February 16, 2006 to May 15, 2006. Although Pope filed no response to the first procedural order, he filed a response to the second order on October 2, 2006, stating that he had presented medical documentation to the department in the form of a release from his physician of record that cleared him to return to work. He added that after the department refused to reinstate him, he gained employment in April 2006 as a site supervisor/security captain and was performing with no restrictions duties that were basically those of a corrections officer.

{¶ 8} By a report and recommendation dated November 7, 2006, the hearing officer determined that the record regarding Pope's reinstatement request was fully developed through the parties' responses to her two procedural orders. According to the hearing officer, the record documents indicated that Pope was receiving "various types of compensation from the Bureau of Workers' Compensation from May 2003 to May 2006," including temporary total disability benefits from February 16, 2006 to May 15, 2006. Noting that such an award indicates that the employee is totally and temporarily incapable of performing the job duties of the employee's position, the report pointed out the employee's responsibility to apprise the Bureau of Workers' Compensation should the employee regain the capacity to perform his or her job duties so the award can be modified or terminated.

{¶ 9} The report concluded that "[s]ince an employee's award of temporary total disability benefits is based on the fact that the employee is incapable of performing his or her job duties," the "award is sufficient proof of the employee's inability to perform the essential job duties of his or her position." The hearing officer thus recommended that Pope's appeal be dismissed.

{¶ 10} After the parties were served with the hearing officer's report and recommendation, Pope pro se filed objections on November 15, 2006. Attached to his objections were a substantial number of documents relating to his workers' compensation claim, benefits under that claim, and his ability to return to work with no restrictions. The objections were not served on the department. On

December 12, 2006, the board, "[a]fter a thorough examination of the record and a review of the Report and Recommendation of the Administrative Law Judge, along with any objections to that report which have been timely and properly filed," adopted the recommendation of the hearing officer and dismissed the appeal because Pope was receiving temporary total disability compensation from the Bureau of Workers' Compensation at the time he applied for reinstatement.

{¶ 11} On December 27, 2006, Pope, with the benefit of legal counsel, filed a notice of appeal in the common pleas court pursuant to R.C. 119.12. After Pope filed his brief in support of the appeal, the department filed a responsive brief on March 21, 2007, pointing out that Pope's brief attempted to rely on materials that were never made part of the evidentiary record before the board. Observing that R.C. 119.12 permits the introduction of newly discovered evidence under qualifying circumstances, the department argued that the evidence could not be properly admitted in the common pleas court under the statute. The department added that even if the evidence could be admitted, Pope failed either to ask the court to admit the evidence under R.C. 119.12 or to provide affidavits to establish the foundation for the various items of evidence he wanted the court to consider.

{¶ 12} Apparently in response to the department's brief, Pope filed on March 28, 2007, a motion in the common pleas court seeking to admit additional evidence. While contending that the documents had always been part of the official record of the case, Pope noted that an important document from the Bureau of Workers' Compensation dated March 15, 2006 apparently was not attached to or filed with the documents Pope submitted to the board. Accordingly, Pope requested that the court accept the document and consider it as part of the appeal. After Pope filed his reply to the department's brief, the court granted Pope's motion to admit additional evidence and stated that the court would consider it in determining the appeal.

{¶ 13} By decision and entry filed January 23, 2008, the court concluded that Pope's documentation, including the March 15, 2006 letter, confirmed that Pope's temporary total disability benefits were to be terminated on March 11, the date he was to return to work. Indeed, the court noted, temporary total disability benefits should terminate when a physician authorizes an employee to return to his or her former position of employment, so that Pope's benefits properly should have terminated when Dr. May released him to work without restrictions. Concluding that the board committed an evidentiary error, the common pleas court determined that the evidence did not support a finding that Pope was receiving temporary total disability benefits at the time he requested reinstatement, as both his doctor and the Bureau of Workers' Compensation physician had indicated that he could return to his employment without restrictions. As a result, the court determined that the order of the board should be reversed and,

pursuant to Ohio Adm.Code 123:1–33–04, Pope should be reinstated to his position as corrections officer.

## II. Assignment of Error

{¶ 14} In its single assignment of error, the department urges that the common pleas court erred in reversing the board's order to dismiss Pope's appeal. The department's argument is two-fold: (1) the common pleas court wrongly considered evidence that the board had no opportunity to review due to Pope's failure to introduce it and (2) alternatively, even if the common pleas court properly could consider the additional evidence, it erred in reinstating Pope and instead should have remanded the matter to the board to determine in the first instance whether Pope was capable of performing the essential duties of his position.

### A. Applicable Standards

{¶ 15} Ohio Adm.Code 123:1–33–04 provides that an employee may make a written request for reinstatement from a disability separation. Ohio Adm.Code 123:1–33–04(A). "The employee's request shall be accompanied by substantial, credible medical evidence that the employee is once again capable of performing the essential portions of the employee's job duties * * *." Id. An employee who is refused reinstatement has the "right to appeal in writing to the personnel board of review within thirty days of receiving notice of that refusal to reinstate." Ohio Adm.Code 123:1–33–04(I). An employee who disagrees with the board's decision may appeal to the common pleas court pursuant to R.C. 119.12.

{¶ 16} According to R.C. 119.12, the common pleas court may affirm the board's decision if, upon consideration of the entire record and any additional evidence the court admits, the court finds not only that reliable, probative, and substantial evidence supports the board's decision, but also that the decision is in accordance with law. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110–111, 17 O.O.3d 65, 407 N.E.2d 1265; *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390; *Gallagher v. Ross Cty. Sheriff,* Franklin App. No. 06AP–942, 2007-Ohio-847, 2007 WL 611377, at ¶ 13.

{¶ 17} The determination of whether reliable, probative, and substantial evidence supports the board's decision is primarily a question of the absence or presence of the requisite quantum of evidence. *Beeler v. Franklin Cty. Sheriff* (1990), 67 Ohio App.3d 748, 753, 588 N.E.2d 879, citing *Andrews*. See also *Gallagher,* at ¶ 16, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113. If the common pleas court finds after its appraisal of all the evidence that reliable, probative, and substantial evidence does not support the board's decision, or the decision is not in accor-

dance with law, the court may reverse, vacate, or modify the board's decision. R.C. 119.12; *Conrad* at 110, 17 O.O.3d 65, 407 N.E.2d 1265; *Andrews,* paragraph one of the syllabus. Where the evidence supports the board's decision, the common pleas court must affirm the board's decision and has no authority to modify the penalty. *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 246–247, 8 O.O.3d 217, 375 N.E.2d 1233; *Henry's Café, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678; *Ohio State Univ. v. Kyle,* Franklin App. No. 06AP–168, 2006-Ohio-5517, 2006 WL 3008463, at ¶ 27. Under such circumstances, the common pleas court may not substitute its judgment for that of the board. Id., citing *Steinbacher v. Louis* (1987), 36 Ohio App.3d 68, 71, 520 N.E.2d 1381, citing *Ogan,* supra; *Traub v. Warren Cty. Bd. of Commrs.* (1996), 114 Ohio App.3d 486, 491, 683 N.E.2d 411.

### B. Additional Evidence

{¶ 18} Under the first prong of its assignment of error, the department asserts that the common pleas court (1) wrongly considered evidence that Pope had improperly submitted to the board and that as a result, the board never considered and (2) wrongly admitted evidence never submitted to the board.

{¶ 19} Initially, the department contends that the common pleas court could not consider the evidence Pope submitted with his objections to the hearing officer's report and recommendation, as the board properly did not consider it. In support, the department cites Ohio Adm.Code 124–15–02(B)(3), which provides that "[a]ll objections and responses to objections shall have attached a certificate of service. *If none is attached, then the board will not consider the objection or response.*" (Emphasis added.) Consistent with that rule, the board issued a November 7, 2006 letter enclosing a copy of the hearing officer's report and recommendation and advising of the opportunity to file written objections to the report and recommendation. The letter, however, also advised the parties that "[o]bjections will not be considered by the Board unless they are served on the opposing party."

{¶ 20} Unfortunately for Pope, although he filed a considerable number of documents before the board when he submitted his objections to the hearing officer's report and recommendation, nothing in the objections indicates that he served them on the department. Nor can we conclude that the board nonetheless considered the documents he submitted, because the board's order states that in addition to considering the record and the hearing officer's report and recommendation, it considered "any objection to that report which had been timely and properly filed." Because Pope's objections were not properly filed due to the missing certificate of service, the applicable rule provided that the board would not consider them. We cannot conclude that the board abused its discretion in

not considering Pope's documentary evidence when Pope submitted no reasonable basis for the board to ignore its own rule.

{¶ 21} As a result, even though Pope's memoranda in the common pleas court suggest that the documents at issue already were part of the record before the board, they were not evidence on which the common pleas court could rely since the board, per the administrative rule, did not consider them. Pope thus needed to have them admitted in the common pleas court. In addition, he also contended that one additional document, a letter dated March 15, 2006 that was not submitted to the board, was pertinent to the issue before the common pleas court and properly should be admitted as additional evidence under R.C. 119.12. Neither the documents improperly submitted to the board nor the March 15, 2006 letter meet the requirements of R.C. 119.12.

{¶ 22} In an R.C. 119.12 proceeding, "'a common pleas court may exercise its discretion to admit additional evidence into the record in an appeal from an administrative proceeding only if it has first determined that the additional evidence is both newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.'" *Chong Hadaway, Inc. v. Ohio Liquor Control Comm.*, Franklin App. No. 03AP–302, 2003-Ohio-5584, 2003 WL 22390058, at ¶ 17, quoting *Daniels Buick Co. v. Gen. Motors Corp.* (Oct. 13, 1998), Franklin App. No. 97APE12–1701, 1998 WL 720018; R.C. 119.12. Newly discovered evidence is evidence that was in existence at the time of the administrative hearing. *Cincinnati City School Dist. v. State Bd. of Edn.* (1996), 113 Ohio App.3d 305, 317, 680 N.E.2d 1061.

{¶ 23} Pope meets the first prong of the test: the documents he seeks to admit as additional evidence were in existence at the time of the proceedings before the board. The issue is whether Pope explained why, with reasonable diligence, he could not have discovered the documents in time to provide them to the board. As to those documents Pope attached to his objections, Pope could have made them part of the evidentiary record had he only served them on the department. Pope appropriately does not attempt to contend that he, with reasonable diligence, could not have made the documents part of the evidentiary record before the board. Moreover, as to the March 15, 2006 letter not included in the documents attached to his objections, Pope's explanation is simply that he realized only in discussions with counsel after filing his appeal that the letter was not submitted to the board.

{¶ 24} Were we to consider Pope's explanation to be sufficient, virtually any document, in existence at the time of the administrative proceedings, would be admitted under the provisions of R.C. 119.12. The natural consequence of such a ruling would deprive the agency of its role as the place of first review and replace it with the common pleas court, which, because of the additional evidence, would be the only body to review all the evidence. In the final analysis, Pope failed to

explain why with reasonable diligence he could not have provided the additional material to the board. Accordingly, the additional material was not properly admitted in the common pleas court pursuant to R.C. 119.12.

## C. Remand to the Board

{¶ 25} The common pleas court thus abused its discretion in allowing into the evidentiary record additional evidence that failed to meet the requirements of R.C. 119.12. Without that evidence, the common pleas court had no basis to reverse the board's order. In view of that determination, we need not reach the second prong of the department's appeal contending, in the alternative, that the matter should be resubmitted to the board to determine whether reinstatement is appropriate.

{¶ 26} Because (1) the common pleas court abused its discretion in allowing additional evidence into the record, (2) the record before the board provided substantial, reliable, and probative evidence to support the board's order, and (3) that order appropriately concluded Pope could not be reinstated when he was receiving temporary total disability benefits, see *Cordial v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP–473, 2006-Ohio-2533, 2006 WL 1390843, we are compelled to sustain the department's single assignment of error, reverse the judgment of the common pleas court, and remand with instructions to reinstate the board's order.

Judgment reversed
and cause remanded.

BROWN and SADLER, JJ., concur.