[Cite as *Ewell v. Montgomery Cty. Court of Common Pleas*, 2014-Ohio-3047.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Charles Ewell, | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-1078 |
| v. | : | (C.P.C. No. 12CV-13261) |
| Montgomery County Court of Common Pleas, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on July 10, 2014

*Charles Ewell*, pro se.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Todd M. Ahearn*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant-appellant, Charles Ewell, appeals from a decision and entry of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review ("SPBR") dismissing appellant's administrative appeal naming appellee-appellee, Montgomery County Court of Common Pleas, appellant's former employer. Because the trial court did not abuse its discretion in affirming the SPBR's order dismissing appellant's administrative appeal, we affirm.

### I. Facts and Procedural History

{¶ 2} The material facts are not in dispute. On September 8, 2011, appellant applied for reinstatement to his employment as an intensive probation officer with

appellee.   Appellant's application for reinstatement followed a work-related injury that caused appellant to leave active work status on September 8, 2008.   One year later, appellee placed appellant on Involuntary Disability Separation ("IDS") on September 8, 2009.   Pursuant to appellee's policy manual, appellant had three years from the date of leaving active work status in which to apply for reinstatement, and he applied for reinstatement exactly three years after leaving active work status.   In support of his application for reinstatement, appellant submitted a signed prescription pad note from his treating physician, Kevin J. Paley, M.D., stating appellant was physically able to return to his job duties as of September 7, 2011.

{¶ 3}   At the time appellant applied for reinstatement to active work status, he was receiving temporary total disability ("TTD") benefits through the Ohio Bureau of Workers' Compensation ("BWC") for the same work-related injury.   The medical documentation supporting his TTD from BWC indicated appellant had not yet been released to return to his job or to transitional duties as of the date appellant applied for reinstatement.   After appellee received the results of appellant's independent medical exam, appellee scheduled a pre-reinstatement hearing for December 20, 2011.   Appellant requested a continuance which appellee granted, and appellee then conducted the pre-reinstatement hearing on January 18, 2012.   Following the hearing, appellee issued a February 13, 2012 order denying appellant's request for reinstatement.   Appellant appealed the denial of reinstatement to the SPBR.

{¶ 4}   On September 17, 2012, the administrative law judge ("ALJ") issued a report and recommendation finding appellant was receiving TTD at the time he requested reinstatement and continued to receive TTD for more than four months after his request for reinstatement.   The last date that appellant actually received TTD was January 10, 2012.   The ALJ concluded that appellant's receipt of TTD benefits "is an admission that the employee cannot perform the essential duties of the pertinent position, for the employee is, by definition, temporarily and totally disabled."   (ALJ's Report and Recommendation, 5.)  Thus, the ALJ recommended appellant's "contemporaneous receipt of TTD benefits at the time of his application for reinstatement is a *per se* admission that he was unable to perform the essential duties of his position at the time of his application" that required dismissal of appellant's appeal. (Emphasis sic.)  (ALJ's Report and

Recommendation, 7.) The SPBR adopted the ALJ's report and recommendation and, in an October 11, 2012 order, dismissed appellant's appeal.

{¶ 5} On October 19, 2012, appellant appealed SPBR's order dismissing his administrative appeal to the Franklin County Court of Common Pleas. By decision and entry dated December 2, 2013, the common pleas court affirmed the order of the SPBR, finding that although appellant's treating physician determined appellant was capable of returning to his former position at the time of his application for reinstatement, appellant's continued receipt of TTD benefits for four months following his application was sufficient to require dismissal of appellant's administrative appeal. Appellant timely appeals.

## II. Assignment of Error

{¶ 6} Appellant asserts a single error for our review:

> The trial court erred in affirming the order of the State Personnel Board of Review based on appellant's receipt of temporary total disability benefits.

## III. Standard of Review

{¶ 7} In reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 109-10 (1980). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 8} An appellate court's review of an administrative decision is more limited. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.*; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983). On review of purely legal questions, however, an appellate court has de novo review. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. Analysis

{¶ 9} In his sole assignment of error, appellant argues the common pleas court erred when it affirmed the dismissal of appellant's administrative appeal based on appellant's receipt of TTD benefits. Instead, appellant argues the SPBR must determine whether reinstatement was appropriate based on the medical evidence. Appellant's argument thus challenges the evidence the SPBR, and subsequently the common pleas court, relied on in determining if dismissal of appellant's appeal was appropriate.

{¶ 10} A state employer may impose an IDS "if an employee is incapable of performing his or her essential job duties due to a disabling illness, injury, or condition." *Cordial v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-473, 2006-Ohio-2533, ¶ 10; Ohio Adm.Code 123:1-30-01(A). Here, appellant does not challenge the initial imposition of IDS; rather, appellant challenges the dismissal of his appeal following the denial of his request for reinstatement.

{¶ 11} Ohio Adm.Code 123:1-30-04 outlines the requirements for reinstatement. "The employee's request for reinstatement shall be accompanied by substantial, credible medical evidence that the employee is once again capable of performing the employee's essential job duties." Ohio Adm.Code 123:1-30-04(B). If, after reviewing the evidence, the appointing authority determines the employee is still incapable of performing the essential job duties, the appointing authority must schedule a pre-reinstatement hearing during which the employee "has a right to examine the appointing authority's evidence of continuing disability, to rebut that evidence, and to present testimony and evidence on the employee's own behalf." Ohio Adm.Code 123:1-30-04(C) and (D). The appointing authority must then weigh the testimony presented and evidence admitted at the pre-reinstatement hearing and, if "the appointing authority finds the employee incapable of

performing essential duties, then the appointing authority shall not reinstate the employee."  Ohio Adm.Code 123:1-30-04(E).

{¶ 12} Based on the plain language of Ohio Adm.Code 123:1-30-04, the appointing authority is not bound to accept appellant's proffered evidence of his ability to return to work but may also consider "evidence of continuing disability."  Here, appellee's evidence of appellant's continued disability came in the form of appellant's continued receipt of TTD benefits at the time he applied for reinstatement.

{¶ 13} R.C. 4123.56 authorizes TTD compensation.  "The purpose of TTD compensation is to 'compensate an injured employee for the loss of earnings that he [or she] incurs while the injury heals.' "  *Cordial* at ¶ 8, quoting *State ex rel. Baker v. Indus. Comm.*, 89 Ohio St.3d 376, 380 (2000).  When the individual is unable to work in his or her position of employment, TTD compensation is paid.  *Id.*, citing *State ex rel. Horne v. Great Lakes Constr. Co.*, 18 Ohio St.3d 79, 80 (1985).  The TTD benefits are paid during the healing and treatment period until: (1) the employee returns to work; (2) the employee's treating physician states that the employee is capable of returning to the former position of employment; or (3) the temporary disability becomes permanent.  *Id.*, citing *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630, 632 (1982); *State ex rel. Matlack, Inc. v. Indus. Comm.*, 73 Ohio App.3d 648, 654-55 (10th Dist.1991).

{¶ 14} Based on the statutory definition of TTD, an employee cannot receive TTD benefits once the employee's treating physician states the employee is capable of returning to his or her former position of employment.  R.C. 4123.56(A).  Stated another way, the only way for an employee to continue to receive TTD payments is for the employee's treating physician to continue to provide medical reports that the employee is medically incapable of returning to his or her former position.  Thus, appellee argues that appellant's continued receipt of TTD at the time he applied for reinstatement was a de facto admission from appellant that he was medically unable to return to his position at that time.

{¶ 15} In fact, here, appellant continued to submit requests for TTD compensation to the BWC after he applied for reinstatement from his IDS.  Appellant's treating physician reported to appellee that appellant was *able* to return to work as of September 7, 2011 for purposes of reinstatement from his IDS, but appellant reported to the BWC

that, based on reports of medical evaluations conducted September 12, 13 and 14, 2011, appellant was *unable* to return to work for purposes of receiving continued TTD payments. Logically, these two positions are incompatible.

{¶ 16} "In the context of an IDS, the SPBR has jurisdiction to hear appeals of employees in the classified state service from final decisions of appointing authorities relative to whether the employee is capable of performing his or her essential job duties due to a disabling illness, injury, or condition." *Cordial* at ¶ 20, citing R.C. 124.03(A); Ohio Adm.Code 123:1-30-04(I). Appellant argues that because he presented medical evidence from his treating physician that he was able to return to work, the SPBR should not have dismissed his appeal simply due to his receipt of TTD from the BWC. Instead, appellant argues the SPBR should have engaged in an analysis of whether the medical evidence supported a finding that appellant was able to return to his position of employment.

{¶ 17} In support, appellant relies on this court's decision in *Austin v. Ohio Dept. of Youth Servs.*, 10th Dist. No. 06AP-872, 2007-Ohio-3793, in which we concluded the common pleas court appropriately determined that the SPBR did not address the determinative issue of whether the employee was medically able to return to work, "but rather had simply ruled that [the employee's] receipt of disability benefits automatically precluded reinstatement based upon the ALJ's reasoning that [the employee] would not have been receiving benefits had she been able to work." *Austin* at ¶ 21.

{¶ 18} Appellee argues *Austin* is inapposite as it does not deal specifically with TTD benefits. We agree. In *Austin*, the employee was placed on IDS, and, when the employee sought reinstatement, she indicated to the SPBR she was receiving 66 percent of her pay from nonspecific disability payments from the state administered through the Department of Administrative Services. *Id.* at ¶ 5. There is no mention of TTD in *Austin* and no analysis of the statutory definition of TTD. Thus, we do not find *Austin* controlling.

{¶ 19} Further, after the decision in *Austin*, this court decided *Pope v. Ohio State Dept. of Rehab. & Corr.*, 179 Ohio App.3d 377, 2008-Ohio-5064 (10th Dist.). In *Pope,* we concluded an order of the SPBR recommending dismissal of the employee's appeal from the denial of his request for reinstatement "appropriately concluded [the employee] could

not be reinstated when he was receiving [TTD] benefits." *Pope* at ¶ 26. Though *Pope* was decided largely on other grounds, we agree with the general proposition that evidence of the receipt of TTD at the time an employee applies for reinstatement from an IDS is reliable, probative, and substantial evidence that an employee is unable to return to work since the very statutory definition of TTD requires that the employee's treating physician continue to determine the employee is medically unable to perform his or her job duties.

{¶ 20} Accordingly, we hold that the trial court here did not abuse its discretion in affirming the order of the SPBR dismissing appellant's appeal as that order was supported by reliable, probative, and substantial evidence and was in accordance with law.

## V. Conclusion

{¶ 21} Based on the foregoing, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____